**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 06-4945**

───────────

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

CARLOS TOLSON ANDREWS, a/k/a Crip Los,

Defendant - Appellant.

───────────

**No. 06-5038**

───────────

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

DAMAR TYREECE PETERSON, a/k/a Fish Lips,

Defendant - Appellant.

───────────

Appeals from the United States District Court for the Eastern District of Virginia, at Alexandria. Leonie M. Brinkema, District Judge. (1:06-cr-00017-LMB; 1:06-cr-00017-LMB-3)

───────────

Submitted: August 31, 2007        Decided: September 26, 2007

───────────

Before WILKINSON and KING, Circuit Judges, and WILKINS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

Richard E. Gardiner, Fairfax, Virginia, for Appellants.  Chuck Rosenberg, United States Attorney, Patrick F. Stokes, G. Derek Andreson, Assistant United States Attorneys, Alexandria, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In these consolidated cases, a jury convicted Carlos Tolson Andrews of conspiracy to distribute fifty or more grams of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(iii) (2000), distributing cocaine base on or about June 15, 2005, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C) (2000) and 18 U.S.C. § 2 (2000), and distributing cocaine base on or about September 1, 2005, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C) (2000). The same jury convicted Damar Tyreece Peterson of conspiracy to distribute five grams or less of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), 846 (2000), and distributing cocaine base on or about September 21, 2005, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C) (2000) and 18 U.S.C. § 2 (2000). The court sentenced Andrews to 151 months' imprisonment and Peterson to 63 months' imprisonment. We affirm.

With respect to Andrews' appeal, No. 06-4945, Andrews first argues that the General Verdict form improperly instructed the jury. Andrews contends that the failure to properly instruct the jury was in violation of Pinkerton v. United States, 328 U.S. 640, 647-48 (1946), and United States v. Collins, 415 F.3d 304, 314 (4th Cir. 2005). The Government concedes the verdict form "arguably provided an inadequate description of the law." However, the Government contends that the court's instructions as a whole were adequate. The Government describes that after the jury asked

- 3 -

a question regarding the drug quantities, the court discussed with the parties a proposed answer. The Defendants asked for a modification to the answer. The court then gave the following instruction:

> If you have found a defendant guilty of being a member of the conspiracy, then you have to determine . . . whether the government has proven beyond a reasonable doubt the quantity of drugs for which that defendant was involved in the conspiracy or the quantity of drugs which it was reasonably foreseeable to that individual defendant the others would be distributing as part of the conspiracy. All right? The law provides for a concept of reasonable foreseeability. The burden is, of course, on the government to prove what is reasonably foreseeable to an individual defendant, all right?

This court reviews de novo the question of whether a district court has properly instructed a jury. United States v. Scott, 424 F.3d 431, 434 (4th Cir. 2005). Moreover, this court "will not vacate a conviction on the basis of an erroneous jury charge if viewed as a whole and in the context of the trial, the charge was not misleading and contained an adequate statement of the law." Id. (Internal quotation marks omitted). We find that taken as a whole, the court complied with the rule in Collins and properly instructed the jury.

Next, Andrews argues that the DEA chemist improperly tested the substance containing cocaine base. Andrews asserts that the DEA chemist's methodology could have resulted in loose particles, unrelated to the carrier medium, being included in the test and unfairly increased the net weight of the substance

- 4 -

attributed to Andrews.  Under <u>Chapman v. United States</u>, 500 U.S. 453, 456 (1991), which Andrews concedes is the controlling law, the weight of a drug includes the net weight of the drug plus any dilutant, cutting agent or carrier medium.  We find Andrews' argument is pure speculation as there was no evidence presented that the DEA chemist improperly tested the drugs or included unrelated material.  The issue accordingly provides no basis for relief.

Andrews also argues that the evidence is insufficient to support the court's finding that the quantity of cocaine base attributable to Andrews is 50 to 150 grams.  When reviewing the district court's application of the sentencing guidelines, this court reviews findings of fact for clear error.  <u>United States v. Green</u>, 436 F.3d 449, 456 (4th Cir.), <u>cert. denied</u>, 126 S. Ct. 2309 (2006).  In calculating the guideline range for each co-conspirator, "all reasonably foreseeable acts and omissions of others in furtherance of the jointly undertaken criminal activity, that occurred during the commission of the offense of conviction, in preparation for that offense, or in the course of attempting to avoid detection or responsibility for that offense" are to be included.  <u>U.S. Sentencing Guidelines Manual</u> § 1B1.3(a)(1)(B) (2005).  After thoroughly reviewing the record, we find the court did not clearly err by finding over 50 grams of cocaine base attributable to Andrews.

Finally, Andrews asserts that he should have received a two level reduction at sentencing for being a minor participant. The standard of review for factual determinations, such as whether the appellant's conduct warrants a minor role sentencing reduction, is clear error. United States v. Daughtrey, 874 F.2d 213, 218 (4th Cir. 1989). A defendant who is only a "minor participant" in a criminal activity may have his offense level reduced by two levels. USSG § 3B1.2(b). This applies to a defendant "who is less culpable than most other participants, but whose role could not be described as minimal." USSG § 3B1.2(b), comment. (n.5). After reviewing the record, we find that Andrews was extensively involved in distributing cocaine base and conclude the court did not clearly err by declining to apply a downward adjustment for having a minor role.

With regard to Peterson's appeal, No. 06-5038, Peterson first argues that there was insufficient evidence to warrant his conviction of conspiracy to distribute 50 grams or more of cocaine base and distribution of cocaine base on September 21, 2005. This court reviews the district court's decision to deny a Fed. R. Crim. P. 29 motion de novo. United States v. Smith, 451 F.3d 209, 216 (4th Cir.), cert. denied, 127 S. Ct. 197 (2006). A jury's verdict must be upheld on appeal if there is substantial evidence in the record to support it. Glasser v. United States, 315 U.S. 60, 80 (1942). "[A]n appellate court's reversal of a conviction on

grounds of insufficient evidence should be confined to cases where the prosecution's failure is clear." United States v. Jones, 735 F.2d 785, 791 (4th Cir. 1984) (internal quotation marks and citation omitted). In determining whether the evidence in the record is substantial, this court views the evidence in the light most favorable to the government, and inquires whether there is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt. United States v. Burgos, 94 F.3d 849, 862 (4th Cir. 1996) (en banc). A defendant challenging the sufficiency of the evidence faces a heavy burden. United States v. Beidler, 110 F.3d 1064, 1067 (4th Cir. 1997). In evaluating the sufficiency of the evidence, this court does not review the credibility of the witnesses and assumes that the jury resolved all contradictions in the testimony in favor of the government. United States v. Romer, 148 F.3d 359, 364 (4th Cir. 1998).

"To prove a conspiracy under 21 U.S.C. § 846, the government must prove (1) an agreement between two or more persons to engage in conduct that violates a federal drug law, (2) the defendant's knowledge of the conspiracy, and (3) the defendant's knowing and voluntary participation in the conspiracy." United States v. Strickland, 245 F.3d 368, 384-85 (4th Cir. 2001); Burgos, 94 F.3d at 857. A defendant may be convicted of conspiracy without knowing all the conspiracy's details, as long as he joins the

conspiracy understanding its unlawful nature and willfully joins in the plan on at least one occasion. Burgos, 94 F.3d at 858. "The existence of a tacit or mutual understanding between conspirators is sufficient evidence of a conspiratorial agreement." United States v. Cardwell, 433 F.3d 378, 390 (4th Cir. 2005) (internal quotation marks and citation omitted), cert. denied, 126 S. Ct. 1669 (2006); see Burgos, 94 F.3d at 857 ("By its very nature, a conspiracy is clandestine and covert, thereby frequently resulting in little direct evidence of such an agreement."). Here, the record contains the testimony of several witnesses regarding Peterson's participation in a crack cocaine distribution conspiracy. We find there is substantial evidence in the record to support the conviction.

Next, Peterson argues the evidence was insufficient to convict him of distributing crack cocaine on September 21, 2005. The jury posed a question regarding this count, which prompted the judge to give an aiding and abetting instruction. We find there is substantial evidence in the record to support the conviction under this theory.

Finally, Peterson contends that the district court erred by considering acquitted conduct in determining his offense level under the Sentencing Guidelines. A district court is free to consider acquitted conduct proved at sentencing by a preponderance of the evidence, even after United States v. Booker, 543 U.S. 220

(2005).  See United States v. Duncan, 400 F.3d 1297, 1304-05 (11th Cir.), cert. denied, 126 S. Ct. 432 (2005); United States v. Williams, 399 F.3d 450, 453-54 (2d Cir. 2005).  We find the issue is without merit.

Accordingly, the judgments of the district court are affirmed.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED